UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID WILDSTEIN | Hon. Susan D. Wigenton<br><br>Crim. No. 15-209 (SDW)<br><br>**CONSENT ORDER** |

THIS MATTER having come before the Court on the joint application of the United States of America (William E. Fitzpatrick, Acting United States Attorney, by Lee M. Cortes, Jr., Vikas Khanna, and David W. Feder, Assistant United States Attorneys) and Defendant David Wildstein (by Alan L. Zegas, Esq.), who have received a request to publicly disclose all sentencing materials submitted by the parties in this matter (the "Sentencing Materials") from the representatives of certain media companies; the parties having agreed that the protocol regarding the public disclosure of sentencing materials adopted by this Court on June 22, 2017 and effective on September 1, 2017 (the "Protocol") should be followed in this matter; and for good cause shown:

IT IS, therefore, on this _11th_ day of July, 2017,

ORDERED that the procedures outlined in the Protocol, which is attached to this Consent Order, are applicable to this matter and that the parties are directed to publicly file the Sentencing Materials in accordance with those procedures.

1

For the United States of America:

WILLIAM E. FITZPATRICK
ACTING UNITED STATES ATTORNEY

By: *(signature)*
Lee M. Cortes, Jr.
Vikas Khanna
David W. Feder
Assistant United States Attorneys

For Defendant David Wildstein:

*(signature)*
Alan L. Zegas, Esq.
60 Morris Turnpike
Third Floor West
Summit, NJ 07901

SO ORDERED:

*(signature)*
HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

2

## *PROPOSED NOTICE*

ON June 22, 2017, the judges of the United States District Court, recognizing the benefit of promoting the public's understanding of, and access to, judicial proceedings, as well as privacy and security concerns relating to the electronic filing of court documents, as reflected in Sec. 205 of the E-Government Act of 2002 (Pub. L. No. 107-347);

RESOLVED to approve the following protocol for adoption:

1. Sentencing Memoranda, along with all supporting exhibits and correspondence (collectively, the "Sentencing Materials"), shall be submitted directly to the Sentencing Judge, the United States Probation Department, and all counsel of record in the underlying prosecution ("Counsel of Record"), and not filed on the Court's Case Management/Electronic Case Files System ("ECF"). However, at the same time Sentencing Materials are submitted to the Court, the submitting party shall also file a notice on ECF (a "Submission Notice"), on a form prescribed by the Clerk of the Court, that Sentencing Materials have been submitted to the Court.

2. Anyone who wishes to obtain a copy of the Sentencing Materials (a "Requestor") must make a Request for Disclosure on a form prescribed by the Clerk of the Court within two business days of the filing of a Submission Notice under Paragraph 1. If the Requestor is represented by counsel, this Request for Disclosure will be available as an electronic filing option and shall be filed on ECF. If the Requestor is not represented by counsel, a Request-for-Disclosure form can be obtained from the Clerk of the Court and shall be sent to all Counsel of Record and the Court. The Court shall cause the Request-for-Disclosure form to be docketed on ECF. In all cases, the Request for Disclosure shall clearly identify the name of the Requestor, the name of counsel for the Requestor, if any, and the address – either electronic or mailing – to which the Sentencing Materials should be sent.

3. Unless otherwise instructed by the Court, upon receipt of a Request for Disclosure, Counsel of Record shall meet and confer in order to determine what non-public information should be redacted from the Sentencing Materials. Presumptively Non-Public Information includes the following: references to the Presentence Report ("PSR"); names of victims, witnesses, and other individuals whose identity and roles were not previously disclosed; information regarding cooperation by the defendant and others that was not previously disclosed; sensitive personal information concerning the defendant and others, including but not limited to medical or psychological reports and data; personal identifying information such as addresses, social security numbers, account numbers, and dates of birth; and information obtained during the course of a Grand Jury or law enforcement investigation that was not previously disclosed. All redactions should be sufficient to

> *ensure that the content of the redacted information is not apparent from the context of the surrounding text.*
>
> 4. *All proposed redactions to the Sentencing Materials shall be made prior to disclosure regardless of whether the parties to the underlying prosecution agree on the redactions. Following any redactions, Counsel of Record shall coordinate to send the Sentencing Materials to the electronic or mailing address specified in the Request for Disclosure or, if directed by the Court, to electronically file the Sentencing Materials on the docket.*
>
> 5. *A Requestor who wishes to challenge the redactions may do so in accordance with the individual Sentencing Judge's practices. The procedure and timing for resolving a Request for Disclosure is left to the discretion of the individual Sentencing Judge.*

*In accordance with the Resolution approved by the judges of this Court on June 22, 2017, the above protocol applies to all Sentencing Materials filed in this district on or after September 1, 2017.*